U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 JUL -8 AM 9: 46

CLERK

BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA, )
)
)
)
v. ) Case No. 5:22-cr-18-1
)
ERIC RAYMOND )
)
Defendant. )

# ORDER ON DEFENDANT'S MOTION TO SUPPRESS AND MOTION FOR A *FRANKS* HEARING
(Doc. 17)

Defendant Eric Raymond has filed a motion seeking to suppress evidence obtained through execution of a state court search warrant. Defendant also seeks an evidentiary hearing. The court denies the motion to suppress because the information in the affidavit submitted to the state court judge is sufficient to show probable cause that the location to be searched contained evidence of a crime. The court denies the motion for a *Franks* hearing because Defendant has not met his burden of showing that any "false statement . . . was included by the affiant in the warrant affidavit." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978).

## FACTS

The court begins with the information contained in the affidavit by Detective Sergeant Isaac Merriam of the Vermont State Police. (Doc. 17-1.) In the early morning hours of February 2, 2022, Vermont State Police dispatch received a 911 call reporting a shooting at 45 First Street, Swanton, Vermont. The caller was Crystal Ahl. Law enforcement responded to the scene and found a man subsequently identified as Elijah Oliver dead at the scene.

Ms. Ahl told police investigators that she lived at 45 First Street with Elvin Sweet, the property owner. They were awakened by the sound of fighting in the house. When Ms. Ahl went upstairs to see what was happening, she found a masked man standing over Mr. Oliver's body. He was accompanied by a second man. She left the room to check on another resident–Gary Campbell–whom she found lying on a mattress with blood on his face. When she returned, the two men were gone.

In addition to Ms. Ahl and Elvin Sweet, five other people lived at 45 First Street on a full or part-time basis: Jacob Jerry, Shyanne Parlow, Jesse Sweet, Siobhan Loyer, and Gary Campbell. Ms. Ahl told police that Mr. Campbell, Ms. Loyer, and Jesse Sweet left the residence soon after the shooting. Ms. Parlow, Mr. Jerry, and Elvin Sweet remained behind and also gave statements to police.

Police investigation of the murder focused on the four individuals who left the residence. An anonymous tip to police on February 2, 2022, stated that these individuals were located at 361 N. River Street, Swanton, Vermont. A second tip stated that Jesse Sweet had shot his "plug" (a slang term for a supplier of drugs).

A search of transmission data for Jesse Sweet's cell phone located his phone 2.5 miles from a Swanton, Vermont cell tower. A house at 361 N. River Street is located the same distance from the tower.

Police interviewed Ms. Loyer's brother who stated that Ms. Loyer had told him that she was with Jesse Sweet and that he was armed.

Police surveillance of 361 N. River Street on February 2, 2022, showed multiple vehicles coming and going, including a dark-colored Volvo resembling a car that Ms. Ahl described as owned by Jesse Sweet. Police observed men loading an ATV trailer in the back yard. The 361 N.

2

River Street location had been the site of previous interactions with police and was suspected of being used for drug distribution and other illegal purposes.

In the mid-afternoon of February 2, 2022, police approached 361 N. River Street and located Jesse Sweet, Ms. Loyer, and Defendant Eric Raymond at that location. Police seized the residence and applied for a search warrant.

## ANALYSIS

### I. LEGAL STANDARD

The Fourth Amendment requires law enforcement to demonstrate probable cause to a neutral and disinterested magistrate before a search warrant may issue. *Franks*, 438 U.S. at 164. As in this case, a suppression motion challenges the magistrate's determination that probable cause was present. The court hearing the suppression motion reviews the affidavit and any other information offered in support of the application for a warrant to determine whether probable cause was present. The validity of the affidavit is presumed. Upon a showing of "deliberate falsehood or of reckless disregard for the truth," the court may conduct a hearing to determine how much of the affidavit is false and whether the remaining portions, determined to be truthful, are sufficient to support a finding of probable cause. *Id.* at 171.

### II. DISCUSSION

There is no reason to doubt the validity of the affidavit submitted in this case. It contains information from multiple sources, some identified and some anonymous, collected during the hours immediately following the discovery of Mr. Oliver's body. The officer who prepared the affidavit identified his sources and summarized their statements. The first-hand observations are limited to the surveillance of 361 N. River Street, Swanton, Vermont and a recounting of the reputation of the location and prior police interaction.

Defendant offers no reason to believe that the witness statements were not reported accurately in the affidavit. The statements are generally consistent in describing a commotion in the middle of the night, the discovery of Mr. Oliver's body, and the departure of four of the individuals present at the scene. The anonymous tips provided some clue as to Jesse Sweet's location and his involvement in the shooting. Jesse Sweet–and the other people who left the house at 45 First Street–were then located at 361 N. River Street prior to the application for a search warrant.

In summary, the information placed before the state court judge included the following: Police were called to the scene of a shooting at 45 First Street, Swanton, Vermont where they found the body of a shooting victim. Police learned that four people left 45 First Street immediately after the shooting. Police then received anonymous information that these individuals were staying at 361 N. River Street and that one of them, Jesse Sweet, had shot a drug dealer. Jesse Sweet's cell phone was located 2.5 miles from a particular cell tower. That distance was consistent with 361 N. River Street (and other locations). Surveillance of 361 N. River Street showed a car similar to Jesse Sweet's car. When police approached the building, they found Jesse Sweet as well as the other people who had left 45 First Street.

Defendant contends that the search warrant was not based on sufficient evidence to establish probable cause and the evidence obtained from the search should be suppressed. Defendant argues that witness statements provided inadequate detail to connect Mr. Campbell to the homicide or establish a fair probability that evidence of the homicide would be found at 361 N. River Street. Defendant challenges the use of an anonymous tip to connect Jesse Sweet to the murder and argues that the tip was insufficient without corroborating details. Additionally, Defendant states that the affidavit supporting the search warrant was so lacking in probable cause

that no officer could reasonably rely upon it or presume it to be valid, and the magistrate issuing the warrant was misled by it.

The facts contained in the affidavit were sufficient to establish probable cause for a search of the location where Jesse Sweet, a suspect in the shooting, was found by police. The application for the warrant described in reasonable detail the type of evidence sought in the search: cell phones, physical evidence such as DNA or fingerprints, clothing, footwear, and firearms and ammunition. Further, there were corroborating details beyond the anonymous tip to connect Jesse Sweet and Mr. Campbell to 361 N. River Street: a second witness stated Mr. Campbell spent time with a resident of the building; a vehicle matching the description of Jesse Sweet's vehicle was seen at the residence throughout the day; Jesse Sweet's girlfriend's, Ms. Loyer's, cell phone data indicated her cell phone was the same distance from a cell tower as the building; and prior to seeking the warrant, the police encountered Jesse Sweet and others who fled from 45 First Street at the 361 N. River Street address.

These facts support the determination by the state court judge that there was probable cause to issue a warrant. Four individuals left 45 First Street between the time of the shooting and the arrival of law enforcement minutes later. Three of the four were found later the same day at 361 N. River Street. It was reasonable to believe that they may have unknowingly carried physical evidence such as traces of blood or DNA from the crime scene to 361 N. River Street. It was reasonable to include the four people who left the scene after the murder among the likely suspects in the shooting and to conclude that one of them could have concealed the weapon at 361 N. River Street. This inference was supported by anonymous information that Jesse Sweet had shot his drug connection. Since many communications now occur by cell phone or computer, it was reasonable to extend the search for possible evidence to means of communication. In

short, the search of the residence where three people, present at the murder scene, were subsequently located was supported by probable cause that it would result in the discovery of evidence of a crime.

The court denies the motion for an evidentiary hearing. Defendant has not met his burden under *Franks* to demonstrate "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Id.* at 155–56. The information contained in the affidavit consisted of statements by witnesses. The officer who prepared the affidavit offered no comment on the truth of these statements. Witness statements are commonly supplied as evidence of probable cause. *See id.* at 165. The limited inquiry permitted by *Franks* is predicated on a determination that the officer making the affidavit is lying. The inquiry does not extend to the truthfulness of third-party statements incorporated into the affidavit. "The deliberate falsity or reckless disregard whose impeachment is permitted . . . is only that of the affiant, not of any nongovernmental informant." *Id.* at 171. Defendant does not contend that the information from the detective concerning the surveillance of the location and the presence of Jesse Sweet and other individuals from 45 First Street. He makes no offer of proof that the officer who prepared the affidavit lied or was reckless in preparing the affidavit. Rather, he objects to the inferences drawn from the facts described above and argues that there were insufficient facts to support probable cause. This is a legitimate basis for moving to suppress, but it is not a sufficient basis to justify an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the court DENIES the motion to suppress and DENIES the motion for a *Franks* hearing. (Doc. 17.)

Dated at Rutland, in the District of Vermont, this 8th day of July, 2022.

Geoffrey W. Crawford, Chief Judge
United States District Court